UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JENNIE ROSENBRAHN, NANCY ROSENBRAHN, JEREMY COLLER, CLAY SCHWEITZER, LYNN SERLING-SWANK, MONICA SERLING-SWANK, KRYSTAL COSBY, KAITLYNN HOERNER, BARBARA WRIGHT, ASHLEY WRIGHT, GREG KNIFFEN, and MARK CHURCH,<br><br>               Plaintiffs,<br><br>   vs.<br><br>DENNIS DAUGAARD, in his official capacity as Governor; MARTY JACKLEY, in his official capacity as Attorney General; KIMBERLEY MALSAM-RYSDON, in her official capacity as Secretary of Health; TREVOR JONES, in his official capacity as Secretary of Public Safety; and CAROL SHERMAN, in her official capacity as Brown County Register of Deeds;<br><br>               Defendants. | 4:14-CV-04081-KES<br><br><br><br>ORDER DENYING<br>MOTION TO VACATE |

       This court entered its judgment for plaintiffs on January 12, 2015.

Docket 51. On February 10, 2015, Plaintiffs filed an emergency motion to

vacate the stay this court imposed on its judgment. Docket 65. Defendants[1] oppose the motion to vacate. The motion is denied.

"A federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Ledbetter*, 882 F.2d 1345, 1347 (8th Cir. 1989) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam)). This court's judgment issued on January 12, 2015. Defendants filed a notice of appeal on January 26, 2015. Because a notice of appeal has been filed, this court no longer has jurisdiction to modify its judgment.[2] As plaintiffs concede, they can request that the Eighth Circuit Court of Appeals vacate the stay. Docket 65 at 2.

If this court did have jurisdiction, it would apply the same standard applied by a court of appeals. *See* 11 Charles Alan Wright et al., *Fed. Practice &*

---

[1] Doneen Hollingsworth was replaced as the South Dakota Secretary of Health on January 26, 2015, by Kimberley Malsam-Rysdon. Under Federal Rule of Civil Procedure 25(d), Malsam-Rysdon is automatically substituted for Hollingsworth as a party in this action.

[2] A district court may, in limited circumstances, exercise jurisdiction over a case while appeal is pending. But those circumstances are generally limited to preserving the status quo while the appeal is pending. *See* 11 Charles Alan Wright et al., *Fed. Practice & Procedure Civil* § 2904 (3d ed.). Plaintiffs' reply on the motion to vacate was due on February 27, 2015, but plaintiffs did not file a reply. By not replying, plaintiffs failed to point the court to any authority indicating that this court may have jurisdiction in this instance. The court is not aware of any authority that would alter the general rule that a district court should not assert jurisdiction over a case once an appeal has been filed.

*Procedure Civil* § 2904 (3d ed.). In *Lawson v. Missouri*, No. 15-1022, a same-sex marriage case consolidated with this case on appeal, the plaintiffs appealed the district court's decision to stay its judgment pending appeal and the Eighth Circuit refused to lift the stay. Docket 67-1. The facts in *Lawson* are not meaningfully distinct from the facts here. In imposing the stay, the *Lawson* court considered the same arguments made here by plaintiffs. The Supreme Court's refusal to impose a stay on other federal district court decisions is not precedential. Thus, the court sees no reason why its previous conclusion to grant the stay should be vacated. Accordingly, it is

ORDERED that plaintiffs' motion to vacate the stay pending appeal (Docket 65) is denied.

IT IS FURTHER ORDERED that plaintiffs' motion to expedite defendants' response deadline (Docket 66) is denied as moot.

Dated March 3, 2015.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE